IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHUB CAY, LLC; YOUNG CAY, LLC; SWRI #3, LLC; MONEY CAY, LLC; MIDDLE CAY, LLC; AND SWIFTWATER CAR WASH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OZK,<br><br>Defendant. | § § § § § § § § § § § § § | Case No. 5:22-cv-00317-FB |

**PLAINTIFFS' EMERGENCY APPLICATION FOR
TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BIERY:

Plaintiffs Chub Cay, LLC ("Chub Cay"); Young Cay, LLC ("Young Cay"); SWRI #3, LLC ("SWRI #3"); Money Cay, LLC ("Money Cay"); Middle Cay, LLC ("Middle Cay"); and Swiftwater Car Wash, LLC ("Swiftwater Car Wash") (collectively, the "Plaintiffs"), file this Emergency Application for Temporary Restraining Order (the "Emergency Application") pursuant to Fed. R. Civ. P. 65(b) and state the following:

**I.
INTRODUCTION**

1. One business day before a hearing on Plaintiffs' application for a temporary restraining order ("TRO") in state court, Defendant Bank OZK removed the state court action to this Court, preventing the state court from considering Plaintiffs' application. Unless this Court grants this Emergency Application, Defendant, through its substitute trustee, will proceed with unwarranted foreclosure sales of five of Plaintiffs' properties on Tuesday, April 5, 2022, irreparably injuring Plaintiffs.

1

792842.2

2. Plaintiffs respectfully request this Court issue a TRO to avoid that immediate harm and maintain the status quo. Plaintiffs are likely to succeed on the merits of their claims that the foreclosure sales are improper and that Defendant breached the terms of certain promissory notes, which constitute valid contracts between Plaintiffs and Defendant. Without emergency relief, Plaintiffs face irreparable harm by losing their real properties, personal properties, investments, and equipment, in which they have significant equity. By contrast, neither Defendant nor the public would be harmed by a TRO preventing the foreclosure sales until the Court can consider whether a preliminary injunction is warranted.

## II.
## EXHIBITS

3. Attached hereto and incorporated by reference as if set forth verbatim herein are the following exhibits:

**Exhibit A:** Affidavit of Mark D. Granados;

**Exhibit A-1:** Middle Cay's Promissory Note;

**Exhibit A-2:** Notice of Substitute Trustee's Sale for the Chub Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048247 on February 25, 2022;

**Exhibit A-3:** Notice of Substitute Trustee's Sale for the Young Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048123 on February 25, 2022;

**Exhibit A-4:** Notice of Substitute Trustee's Sale for the SWRI #3 property, recorded in the Bexar County, Texas property records as Document No. 20220048122 on February 25, 2022;

**Exhibit A-5:** Notice of Substitute Trustee's Sale for the Money Cay property,

>recorded in the Bexar County, Texas property records as Document No. 20220048121 on February 25, 2022; and

**Exhibit A-6:** Notice of Substitute Trustee's Sale for the Middle Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048126 on February 25, 2022.

## III.
## FACTUAL BACKGROUND

4.  Plaintiffs executed various promissory notes with Defendant, wherein Defendant loaned Plaintiffs money to purchase certain real property in Bexar County, Texas (the "Promissory Notes"). Ex. A ¶ 6.

**A.    Defendant misapplied note payments.**

5.  In pertinent part, each of the Promissory Notes, which refer to Plaintiffs as "Maker," provide as follows (emphasis added):

> **MAKER shall have the right and option to prepay all or part of the outstanding principal balance of this note without penalty or premium**; provided, however, that if the principal of this note is prepaid in whole or in part, at any time after the date hereof, all accrued and unpaid interest with respect to such principal amount prepaid is due and payable on the date of such prepayment. **All sums paid hereon shall be applied first to the satisfaction of unpaid and accrued interest, then to the discharge of any expenses for which the holder hereof may be entitled to receive reimbursement under the terms of this note or under the terms of any other document executed in connection herewith and, lastly, to the unpaid principal.**

*Id.* ¶ 7; Ex. A-1 at 3 (as an example of all the Promissory Notes).

6.  Because Plaintiffs have several loans with Defendant and the payments were being made from several bank accounts, Mark D. Granados, Plaintiffs' authorized representative, asked Defendant whether Plaintiffs needed to specify which payments were to be applied to each loan. Ex. A ¶ 8. Gregory Garner, Defendant's President of Commercial Banking for Austin and San

Antonio, responded by stating, "You can send the money to any named entity, and the wire room will ask us how to apply it." *Id.* Defendant sent numerous emails to Plaintiffs showing the loan payments due and that payments would be applied to all of Plaintiffs' loans. *Id.* Nevertheless, Defendant failed to apply the payments to all of Plaintiffs' loans. *Id.* Instead, Defendant unilaterally and arbitrarily applied the payments to certain loans at the expense of Plaintiffs' other loans. *Id.*

7. Plaintiffs paid Defendant pursuant to Defendant's instructions, but Defendant misapplied the payments. *Id.* ¶ 9. By way of example and not limitation, Defendant unilaterally applied $65,000.00 in payments from various accounts to the principal of Plaintiff Money Cay's loan instead of applying the payments to satisfy unpaid and accrued interest for all of Plaintiffs' loans. *Id.* In doing so, Defendant failed to apply the payments pursuant to the terms of the Promissory Notes and unjustly enriched itself. *Id.* If Defendant properly applied the funds to all of Plaintiffs' loans per the loan terms, then the loans would not be in alleged default. *Id.* Moreover, the members of Plaintiff Money Cay are distinct from the members of the other Plaintiffs. *Id.* Thus, some Plaintiffs were especially harmed by Defendant's misapplication of payments. *Id.*

8. Additionally, as another example, Plaintiffs remitted a $60,000.00 payment to Defendant in October 2021, a $15,000.00 payment to Defendant in December 2021, and a $22,500.00 payment to Defendant in January 2022. *Id.* ¶ 10. Plaintiffs have requested an explanation from Defendant as to how such payments were applied. *Id.* However, Defendant has refused to explain how it applied such payments. *Id.*

9. Likewise, Plaintiff Young Cay remitted payment to Defendant in January, February, and through March 29, 2022 totaling $53,172.70; Plaintiff SWRI #3 remitted payment to Defendant in January, February, and through March 29, 2022 totaling $6,014.25; and Plaintiff

Money Cay remitted payment to Defendant in January, February, and through March 29, 2022 totaling $22,413.12.  *Id.* ¶ 11.  Again, Defendant has failed to explain how it applied such payments.  *Id.*

**B.      Defendant's notices are deficient.**

10.      Instead of correcting its misapplication of Plaintiffs' payments, explaining how it applied Plaintiffs' payments, responding to Plaintiffs' requests for payoff figures, or providing an accounting of the funds deposited by Plaintiffs that would enable Plaintiffs to determine the correct balance for each loan, Defendant sent numerous notices to Plaintiffs, declaring Plaintiffs to be in default of their payment obligations under the Promissory Notes, accelerating the maturity dates of the Promissory Notes, and scheduling foreclosure sales of the properties that Plaintiffs financed through Defendant to occur on March 1, 2022.  *Id.* ¶ 12.

11.      However, many of the notices that Defendant sent to Plaintiffs contain incorrect information regarding the identity of the particular borrower and the amount of principal, interest, and balance allegedly owed.  *Id.* ¶ 13.  As a result, it is virtually impossible for Plaintiffs to identify the amounts allegedly paid or owed under each of the Promissory Notes.  *Id.*

12.      On February 9, 2022, Mr. Granados sent an email to Dale Crow, Defendant's Vice President/Special Asset Manager, asking for the payoff amount for the loan to Plaintiff Chub Cay.  *Id.* ¶ 14.  In response, Mr. Crow stated, "We will not allow the payoff of Chub Cay alone.  The $65,000 was applied to Money Cay as a principal reduction.  All loans are due and payable in full."  *Id.*  In doing so, Defendant prohibited Plaintiff Chub Cay from prepaying all or part of the outstanding principal balance of its loan as authorized by the Promissory Notes.  *Id.*  Plaintiffs have also requested the payoff amount for Plaintiff Middle Cay's loan, which Defendant has refused to provide.  *Id.*

792842.2

**C.      Defendant posted Plaintiffs' properties for foreclosure sales.**

13.     On February 25, 2022, Plaintiffs filed their Original Petition and Verified Application for Temporary Restraining Order against Defendant in Cause No. 2022CI03499 in the 408th District Court, Bexar County, Texas, to assert a cause of action against Defendant for breach of contract and request an emergency TRO be issued later that day to prevent Defendant from proceeding with the March 1, 2022 foreclosure sales. *Id.* ¶ 15.

14.     Later that day, Plaintiff agreed to not seek a TRO on February 25, 2022, and Defendant agreed to drop the foreclosure sales scheduled for March 1, 2022. *Id.* ¶ 16. As part of their agreement, Plaintiffs reserved the right to seek a TRO at a later date, and Defendant reserved the right to repost the foreclosure sales to occur no earlier than April 5, 2022. *Id.*

15.     Thereafter, Defendant sent notices of reposted foreclosure sales to Plaintiffs, stating that Plaintiffs' real property and "all the improvements now or hereafter erected on the property, and all easements, appurtenances, replacements, additions, and fixtures now or hereafter a part of the property" will be auctioned by Defendant's substitute trustee, Stephanie H. Cook, at foreclosure sales in Bexar County, Texas, on April 5, 2022. *Id.* ¶ 17; Exs. A-2 through A-6.

16.     Since Defendant sent the latest notices of foreclosure sales, Plaintiffs have attempted on multiple occasions to confer with Defendant regarding the payoff amounts for Plaintiffs' loans and the basis for Defendant's contention that Plaintiffs may not pay off some loans while others remain outstanding. Ex. A ¶ 18. Despite Plaintiffs' requests, Defendant has refused to respond. *Id.*

**IV.
LEGAL STANDARD**

17.     Plaintiffs seek a temporary restraining order for the purpose "of preserving the status quo and preventing [the] irreparable harm" that will occur if Defendant proceeds with the

foreclosure sales of Plaintiffs' properties. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

18. To merit such relief, Plaintiffs, as movants, must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury to the movants; (3) the threatened injury outweighs any damages the injunction may cause defendant; and (4) the injunction is in the public interest. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014); *Mayo Found. for Med. Educ. & Research v. BP Am. Prod. Co.*, 2:20-cv-34-Z, 2020 U.S. Dist. LEXIS 25767, at *4 (N.D. Tex. Feb. 14, 2020) (applying same standard to temporary restraining order that governs preliminary injunction analysis).

19. "None of [these] four requirements has a fixed quantitative value." *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 582 (E.D. La. 2016) (citing *Tex. v. Seatrain Int'l S.A.*, 518 F.2d 175, 180 (5th Cir. 1975)). Instead, "'a sliding scale is utilized, which takes into account the intensity of each in a given calculus.'" *Id.* (quoting *Seatrain Int'l*, 518 F.2d at 180). Thus, in applying the four-part test, the Court must conduct "a delicate balancing," which weighs "the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury that possibly could flow from the denial of preliminary relief." *Id.* (citing *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 958 (3d Cir. 1984). Ultimately, whether to grant a request for a TRO "is left to the sound discretion" of the Court. *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020).

V.
ARGUMENT AND AUTHORITIES

**A.   Plaintiffs are substantially likely to prevail on the merits of their claims.**

20. For the reasons set forth herein, Plaintiffs are substantially likely to succeed on the

7

792842.2

merits of their claims that Defendant breached the Promissory Notes and that the foreclosure sales of their properties should not proceed.

21. When seeking a TRO or preliminary injunction, a movant is not required to prove it will ultimately prevail on the merits of its case. *Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). "As long as the court cannot say there is no likelihood of prevailing on the merits but finds the factor of substantial likelihood of success present to some degree, then the party seeking the injunction has met its burden." *Family Rehab., Inc. v. Azar*, 3:17-cv-3008-K, 2018 U.S. Dist. LEXIS 108706, at *10 (N.D. Tex. June 28, 2018) (citing *Productos Carnic, S.A. v. Cent. Amer. Beef & Seafood Trading Co.*, 621 F. 2d 683, 686 (5th Cir. 1980)).

22. The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

23. The Promissory Notes constitute valid contracts between Plaintiffs and Defendant. *Id.* ("A promissory note is nothing more than a contract"). Plaintiffs have performed or tendered performance pursuant to the Promissory Notes. Ex. A ¶ 6. However, Defendant has materially breached the terms of the Promissory Notes by misapplying payments thereunder and refusing to allow Plaintiffs Chub Cay and Middle Cay to prepay all or part of the outstanding principal balance of their loans. *Id.* ¶¶ 9-12, 14. Defendant's breaches of the Promissory Notes are producing and proximate causes of actual damages to Plaintiffs. *Id.* ¶ 19.

24. If Defendant applied Plaintiffs' payments pursuant to the terms of the Promissory Notes, Plaintiffs would not be in default. *Id.* ¶ 20. Thus, Defendant should not be allowed to proceed with the foreclosure sales of Plaintiffs' properties.

792842.2

**B.     Plaintiffs will suffer irreparable harm if a TRO is not granted immediately.**

25.     "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986). Instead, "[t]he plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Id.*

26.     Several courts have stated that losing interests in real property constitutes irreparable harm. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210-11 (10th Cir. 2009) ("RoDa would be deprived of control of its real property, thus constituting irreparable harm"); *Pelfrescne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989) ("As a general rule, interference with the enjoyment or possession of land is considered 'irreparable' since land is viewed as a unique commodity for which monetary compensation is an inadequate substitute."); *2660 Woodley Road Joint Venture v. ITT Sheraton Corp.*, Civil Action No. 97-450 JJF, 1998 U.S. Dist. LEXIS 22825, at *17-18 (D. Del. Feb. 4, 1998) ("Where . . . interests involving real property are at stake, preliminary injunctive relief can be particularly appropriate because of the unique nature of the property interest.").

27.     As a direct and proximate result of Defendant's actions and threatened actions, Plaintiffs will suffer imminent and irreparable injury, including imminent and irreparable injury to the loss of its interests in real and personal properties, for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. Specifically, if Defendant proceeds with the foreclosure sales, Plaintiffs, as well as other owners of the improvements, easements, appurtenances, replacements, additions, or fixtures that are a part of Plaintiffs' properties, will lose real properties, personal properties, investments, and equipment in which they

have significant equity. Ex. A ¶ 19. Monetary damages at a later time will not adequately compensate Plaintiffs for such losses because Plaintiffs will lose their rights to access and control their properties. *Id.*

28.     The specific facts set forth herein and in the Affidavit of Mark D. Granados attached hereto as Exhibit A clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant can be heard in opposition to this Emergency Application. *Id.* ¶ 21. Specifically, Defendant removed this case to this Court on Friday, April 1, 2022, which is one business day before Plaintiffs' application for TRO was to be heard in state court on Monday, April 4, 2022, to prevent the foreclosure sales scheduled for Tuesday, April 5, 2022. *Id.* If Plaintiffs wait for Defendant to have an opportunity to be heard and oppose this Emergency Application, the foreclosure sales will almost certainly take place, mooting Plaintiffs' request for a TRO and injunctive relief and, thus, leaving Plaintiffs without an adequate remedy at law. *Id.* Accordingly, Plaintiffs request that the TRO be issued without Defendant having an opportunity to be heard and oppose this Emergency Application, pursuant to FED. R. CIV. P. 65(b)(1)(A)-(B).

**C.      A TRO will not harm Defendant or the public.**

29.     Defendant faces no harm from a TRO. Defendant has no legitimate reason in proceeding with the foreclosure sales scheduled for April 5, 2022. But even if Defendant has a legitimate reason, it faces no substantial prejudice if the foreclosure sales occur after April 5, 2022. Thus, the injuries that Plaintiff face significantly outweigh any injuries that would be sustained by Defendant as a result of the TRO sought herein.

30.     Likewise, the public will not be harmed if the Court grants the TRO requested herein.

31.     Balancing the hardships of Plaintiffs and Defendant, and considering the effect on

the public interest, if any, Plaintiffs' request for a TRO should be granted.

32. Plaintiffs are willing to provide security in an amount that the Court considers proper to facilitate that TRO and injunctive relief requested herein.

## VI.
## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter a TRO and, on hearing, a temporary and permanent injunction, ordering and immediately restraining Defendant; Defendant's officers, agents, servants, employees, and attorneys, including, but not limited to Stephanie H. Cook and Whitley B. Zachary; and any persons in active concert or participation with any one or more of them who receive actual notice of the order by personal service or otherwise from:

    a. foreclosing, selling, or auctioning Plaintiffs' properties, or the improvements, easements, appurtenances, replacements, additions, or fixtures that are a part of Plaintiffs' properties, in whole or in part; and

    b. attempting to foreclose, sell, or auction Plaintiffs' properties, or the improvements, easements, appurtenances, replacements, additions, or fixtures that are a part of Plaintiffs' properties, in whole or in part.

    Respectfully submitted,

    */s/ Stephen K. Lecholop II*
    Stephen K. Lecholop II
    State Bar No. 24070119
    Christopher A. Wright
    State Bar No. 24082114
    ROSENTHAL PAUERSTEIN SANDOLOSKI AGATHER LLP
    755 East Mulberry, Suite 200
    San Antonio, Texas 78212
    Telephone: (210) 225-5000
    Facsimile: (210) 354-4034

792842.2

                                            Email: slecholop@rpsalaw.com
                                            Email: cwright@rpsalaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

      I certify that, pursuant to FED. R. CIV. P. 65(b)(1)(A)-(B), prior notice of this Emergency Application to Defendant's counsel should not required because the specific facts set forth herein and in the Affidavit of Mark D. Granados attached hereto as Exhibit A establish that Defendant removed this case to this Court on Friday, April 1, 2022, which is one business day before Plaintiffs' application for TRO was to be heard in state court on Monday, April 4, 2022, to prevent the foreclosure sales scheduled for Tuesday, April 5, 2022.  If Plaintiffs wait for Defendant to have an opportunity to be heard and oppose this Emergency Application, the foreclosure sales will almost certainly take place, mooting Plaintiffs' request for a TRO and injunctive relief and, thus, leaving Plaintiffs without an adequate remedy at law.

      Furthermore, I emailed Defendant's counsel, Stephanie H. Cook, on March 30, 2022, and April 1, 2022, to confer regarding issues in this case, including Plaintiffs' request for a temporary restraining order while this case was pending in state court.  Instead of responding to my emails, Ms. Cook removed this case to this Court.  As of the filing hereof, Ms. Cook has failed to respond to my above-referenced attempts to confer.

                                        */s/ Christopher A. Wright*
                                        Christopher A. Wright

792842.2

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via the CM/ECF system on the following counsel of record on April 4, 2022:

Stephanie H. Cook
Whitley B. Zachary
COKINOS | YOUNG, PC
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746
scook@cokinoslaw.com
wzacahary@cokinoslaw.com
*Attorneys for Defendant*

                                             */s/ Christopher A. Wright*
                                             Christopher A. Wright

792842.2