IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHUB CAY, LLC; YOUNG CAY, LLC; SWRI #3, LLC; MONEY CAY, LLC; MIDDLE CAY, LLC; AND SWIFTWATER CAR WASH, LLC, | § § § § § | |
| Plaintiffs, | § § | Case No. 5:22-cv-00317-FB |
| v. | § § | |
| BANK OZK, | § § § | |
| Defendant. | § § | |

**AFFIDAVIT OF MARK D. GRANADOS**

STATE OF TEXAS          §
                                        §
COUNTY OF BEXAR    §

On this day, Mark D. Granados appeared before the undersigned notary public and, being duly sworn according to law, on his oath stated:

1. "My name is Mark D. Granados. I am more than 21 years of age, capable of making this affidavit, and competent to testify on the matters stated herein. I have not been convicted of a felony. The facts contained herein are true and correct and within my personal knowledge.

2. I am the authorized representative and a custodian of records for Chub Cay, LLC ('Chub Cay'); Young Cay, LLC ('Young Cay'); SWRI #3, LLC ('SWRI #3'); Money Cay, LLC ('Money Cay'); Middle Cay, LLC ('Middle Cay'); and Swiftwater Car Wash, LLC ('Swiftwater Car Wash') (collectively, the 'Plaintiffs').

3. Attached hereto are the following exhibits:

**Exhibit A-1:** Middle Cay's Promissory Note;

**Exhibit A-2:** Notice of Substitute Trustee's Sale for the Chub Cay property,

1

>   recorded in the Bexar County, Texas property records as Document No. 20220048247 on February 25, 2022;

**Exhibit A-3:** Notice of Substitute Trustee's Sale for the Young Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048123 on February 25, 2022;

**Exhibit A-4:** Notice of Substitute Trustee's Sale for the SWRI #3 property, recorded in the Bexar County, Texas property records as Document No. 20220048122 on February 25, 2022;

**Exhibit A-5:** Notice of Substitute Trustee's Sale for the Money Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048121 on February 25, 2022; and

**Exhibit A-6:** Notice of Substitute Trustee's Sale for the Middle Cay property, recorded in the Bexar County, Texas property records as Document No. 20220048126 on February 25, 2022.

4. Exhibits A-1 through A-6 are records of an act, event, condition, opinion, or diagnosis that were made at or near the time by – or from information transmitted by – someone with knowledge. The records were kept in the course of the regularly conducted activities of Plaintiffs. Making the records was a regular practice of those activities.

5. I have read Plaintiffs' Emergency Application for Temporary Restraining Order in the above-styled and numbered case (the 'Emergency Application'). I have personal knowledge of the factual allegations stated therein. The factual allegations stated therein are true and correct.

6. Plaintiffs executed various promissory notes with Bank OZK ('Defendant'), wherein Defendant loaned Plaintiffs money to purchase certain real property in Bexar County,

Texas (the 'Promissory Notes'). Plaintiffs have performed or tendered performance pursuant to the Promissory Notes.

7. In pertinent part, each of the Promissory Notes, which refer to Plaintiffs as 'Maker,' provide as follows (emphasis added):

> **MAKER shall have the right and option to prepay all or part of the outstanding principal balance of this note without penalty or premium**; provided, however, that if the principal of this note is prepaid in whole or in part, at any time after the date hereof, all accrued and unpaid interest with respect to such principal amount prepaid is due and payable on the date of such prepayment. **All sums paid hereon shall be applied first to the satisfaction of unpaid and accrued interest, then to the discharge of any expenses for which the holder hereof may be entitled to receive reimbursement under the terms of this note or under the terms of any other document executed in connection herewith and, lastly, to the unpaid principal.**

8. Because Plaintiffs have several loans with Defendant and the payments were being made from several bank accounts, I asked Defendant whether Plaintiffs needed to specify which payments were to be applied to each loan. Gregory Garner, Defendant's President of Commercial Banking for Austin and San Antonio, responded by stating, 'You can send the money to any named entity, and the wire room will ask us how to apply it.' Defendant sent numerous emails to Plaintiffs showing the loan payments due and that payments would be applied to all of Plaintiffs' loans. Nevertheless, Defendant failed to apply the payments to all of Plaintiffs' loans. Instead, Defendant unilaterally and arbitrarily applied the payments to certain loans at the expense of Plaintiffs' other loans.

9. Plaintiffs paid Defendant pursuant to Defendant's instructions, but Defendant misapplied the payments. By way of example and not limitation, Defendant unilaterally applied $65,000.00 in payments from various accounts to the principal of Plaintiff Money Cay's loan instead of applying the payments to satisfy unpaid and accrued interest for all of Plaintiffs' loans. In doing so, Defendant failed to apply the payments pursuant to the terms of the Promissory Notes

3

792859.1

and unjustly enriched itself. If Defendant properly applied the funds to all of Plaintiffs' loans per the loan terms, then the loans would not be in alleged default. Moreover, the members of Plaintiff Money Cay are distinct from the members of the other Plaintiffs. Thus, some Plaintiffs were especially harmed by Defendant's misapplication of payments.

10. Additionally, as another example, Plaintiffs remitted a $60,000.00 payment to Defendant in October 2021, a $15,000.00 payment to Defendant in December 2021, and a $22,500.00 payment to Defendant in January 2022. Plaintiffs have requested an explanation from Defendant as to how such payments were applied. However, Defendant has refused to explain how it applied such payments.

11. Likewise, Plaintiff Young Cay remitted payment to Defendant in January, February, and through March 29, 2022 totaling $53,172.70; Plaintiff SWRI #3 remitted payment to Defendant in January, February, and through March 29, 2022 totaling $6,014.25; and Plaintiff Money Cay remitted payment to Defendant in January, February, and through March 29, 2022 totaling $22,413.12. Again, Defendant has failed to explain how it applied such payments.

12. Instead of correcting its misapplication of Plaintiffs' payments, explaining how it applied Plaintiffs' payments, responding to Plaintiffs' requests for payoff figures, or providing an accounting of the funds deposited by Plaintiffs that would enable Plaintiffs to determine the correct balance for each loan, Defendant sent numerous notices to Plaintiffs, declaring Plaintiffs to be in default of their payment obligations under the Promissory Notes, accelerating the maturity dates of the Promissory Notes, and scheduling foreclosure sales of the properties that Plaintiffs financed through Defendant to occur on March 1, 2022.

13. However, many of the notices that Defendant sent to Plaintiffs contain incorrect information regarding the identity of the particular borrower and the amount of principal, interest,

792859.1

and balance allegedly owed. As a result, it is virtually impossible for Plaintiffs to identify the amounts allegedly paid or owed under each of the Promissory Notes.

14. On February 9, 2022, Mr. Granados sent an email to Dale Crow, Defendant's Vice President/Special Asset Manager, asking for the payoff amount for the loan to Plaintiff Chub Cay. In response, Mr. Crow stated, 'We will not allow the payoff of Chub Cay alone. The $65,000 was applied to Money Cay as a principal reduction. All loans are due and payable in full.' In doing so, Defendant prohibited Plaintiff Chub Cay from prepaying all or part of the outstanding principal balance of its loan as authorized by the Promissory Notes. Plaintiffs have also requested the payoff amount for Plaintiff Middle Cay's loan, which Defendant has refused to provide.

15. On February 25, 2022, Plaintiffs filed their Original Petition and Verified Application for Temporary Restraining Order against Defendant in Cause No. 2022CI03499 in the 408th District Court, Bexar County, Texas, to assert a cause of action against Defendant for breach of contract and request an emergency temporary restraining order ('TRO') be issued later that day to prevent Defendant from proceeding with the March 1, 2022 foreclosure sales.

16. Later that day, Plaintiff agreed to not seek a TRO on February 25, 2022, and Defendant agreed to drop the foreclosure sales scheduled for March 1, 2022. As part of their agreement, Plaintiffs reserved the right to seek a TRO at a later date, and Defendant reserved the right to repost the foreclosure sales to occur no earlier than April 5, 2022.

17. Thereafter, Defendant sent notices of reposted foreclosure sales to Plaintiffs, stating that Plaintiffs' real property and 'all the improvements now or hereafter erected on the property, and all easements, appurtenances, replacements, additions, and fixtures now or hereafter a part of the property' will be auctioned by Defendant's substitute trustee, Stephanie H. Cook, at foreclosure sales in Bexar County, Texas, on April 5, 2022.

792859.1

18. Since Defendant sent the latest notices of foreclosure sales, Plaintiffs have attempted on multiple occasions to confer with Defendant regarding the payoff amounts for Plaintiffs' loans and the basis for Defendant's contention that Plaintiffs may not pay off some loans while others remain outstanding. Despite Plaintiffs' requests, Defendant has refused to respond.

19. If Defendant proceeds with the foreclosure sales, Plaintiffs, as well as other owners of the improvements, easements, appurtenances, replacements, additions, or fixtures that are a part of Plaintiffs' properties, will lose real properties, personal properties, investments, and equipment in which they have significant equity. Monetary damages at a later time will not adequately compensate Plaintiffs for such losses because Plaintiffs will lose their rights to access and control their properties.

20. If Defendant applied Plaintiffs' payments pursuant to the terms of the Promissory Notes, Plaintiffs would not be in default.

21. Immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant can be heard in opposition to Plaintiffs' Emergency Application. Specifically, Defendant removed this case to this Court on Friday, April 1, 2022, which is one business day before Plaintiffs' application for TRO was to be heard in state court on Monday, April 4, 2022, to prevent the foreclosure sales scheduled for Tuesday, April 5, 2022. If Plaintiffs wait for Defendant to have an opportunity to be heard and oppose this Emergency Application, the foreclosure sales will almost certainly take place, mooting Plaintiffs' request for a TRO and injunctive relief and, thus, leaving Plaintiffs without an adequate remedy at law.

FURTHER AFFIANT SAYETH NOT."

_____
Mark D. Granados

792859.1

SWORN TO AND SUBSCRIBED BEFORE ME on the 3rd day of April, 2022, to certify which witness my hand and seal of office.

CODY RYAN LILIE
Notary ID #133516015
My Commission Expires
January 4, 2026

_____
Notary Public, State of Texas